UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD A. BALL, derivatively on behalf of REGENERON PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES A. BAKER, MICHAEL S. BROWN, JOSEPH L. GOLDSTEIN, CHRISTINE A. POON, ARTHUR F. RYAN, LEONARD S. SCHLEIFER, GEORGE L. SING, MARC TESSIER-LAVIGNE, P. ROY VAGELOS, GEORGE D. YANCOPOULOS, ROBERT TERIFAY, MURRAY GOLDBERG, ROBERT E. LANDRY, BONNIE L. BASSLER, N. ANTHONY COLES, and HUDA Y. ZOGHBI, <br><br> Defendants, <br><br> and <br><br> REGENERON PHARMACEUTICALS, INC., <br><br> Nominal Defendant. | CASE NO. _____ <br><br> JULY 19, 2021 |

**DEFENDANTS' NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1441(a), nominal Defendant Regeneron Pharmaceuticals, Inc. ("Regeneron" or "the Company") and Defendants Charles A. Baker, Michael S. Brown, Joseph L. Goldstein, Christine A. Poon, Arthur F. Ryan, Leonard S. Schleifer, George L. Sing, Marc Tessier-Lavigne, P. Roy Vagelos, George D. Yancopoulos, Robert Terifay, Murray Goldberg, Robert E. Landry, Bonnie L. Bassler, N. Anthony Coles, and Huda Y. Zoghbi (collectively, the "Individual Defendants"), by their undersigned counsel, hereby remove this action (the "Action"), originally filed in the Supreme Court of the State of New York, Westchester County (the "State Court") to the United States District Court for the Southern District of New York.

1.	This Court has original jurisdiction over the Action, and removal is therefore proper, because the Action necessarily raises a substantial and disputed federal question under 28 U.S.C. § 1331.  *See* 28 U.S.C. § 1441(a),

## BACKGROUND

2.	This Action alleges that eleven current and former members of the Regeneron Board of Directors and five current and former Regeneron executive officers breached their fiduciary duties because Regeneron purportedly committed violations of federal law—namely, "systematic Medicare fraud and violations of the U.S. Food and Drug Administration's Anti-Kickback Statute ["AKS"], 42 U.S.C. § 1320-7b(b)." Compl. ¶ 3.  *See also* Compl. ¶¶ 48–53 ("The Federal Anti-Kickback Statute"); ¶ 47 ("The Federal False Claims Act"), ¶¶ 142–144 ("Regeneron's EYLEA Scheme with the CDF Violated Federal Law").  The Complaint alleges that Regeneron violated the federal AKS by making donations to an independent charity, Chronic Disease Fund ("CDF"), which helps low-income Medicare patients satisfy their copay obligations on pharmaceuticals.  Among the pharmaceutical products for which CDF provides such assistance are Regeneron's EYLEA product, which is used to treat a leading cause of blindness in seniors.

3.	The same alleged violations of the federal AKS by Regeneron are the subject of two other pending federal actions, including one in this District.

   a.	Plaintiffs' allegations are principally lifted from a June 2020 lawsuit filed by the U.S. Department of Justice ("DOJ") against Regeneron for allegedly violating the federal AKS and the federal False Claims Act ("FCA") (the "DOJ Action").  The DOJ Action is pending in federal district court in Massachusetts

   b.	The DOJ action has already spawned a second lawsuit pending in this District before Judge Briccetti.  In that action, brought by two affiliates of United Healthcare (the "UHC Action"), a nationwide insurance conglomerate, the

plaintiffs allege violations of RICO and state law claims based on the same core allegations relating to Regeneron's alleged violations of the AKS and FCA arising from its contributions to CDF.

4. Like the UHC Action pending before this Court, the Complaint here borrows liberally from the allegations in the DOJ lawsuit and, at its core, relies on the same fundamental premise that Regeneron violated the federal AKS and federal FCA.

5. Plaintiff's fiduciary duty claims are predicated entirely on the alleged violation of the federal AKS and federal FCA. *See* Compl. ¶ 194 (By "causing Regeneron to enter into the <u>illegal copay reimbursement scheme with CDF</u>, the Individual Defendants acted in bad faith, willfully, and/or recklessly <u>in violating their fiduciary duties</u> owed to the Company.") (emphasis added). As a result, adjudicating Plaintiff's claims will *necessarily* require the State Court to interpret and apply the federal AKS and federal FCA – steps that are well underway in the DOJ Action.

I.  **The DOJ Action**

6. The DOJ Action was filed on June 24, 2020 in the U.S. District Court for the District of Massachusetts, captioned *United States of America* v. *Regeneron Pharmaceuticals, Inc.*, No. 20-cv-11217-FDS. The DOJ Action concerns alleged violations of the federal AKS and federal FCA regarding the exact same conduct at issue in this Action. Indeed, the DOJ Action is cited extensively throughout the Complaint, Compl. ¶¶ 6, 7, 9, 14, 41, 81, 86, 90, 91, 93, 101, 103, 127, 131, 135, 137, 142, 145, 157, 159, 180, and the Complaint frequently refers to the DOJ Action as the factual basis for its allegations. *See, e.g.*, Compl. ¶ 9 ("According to the allegations in the DOJ Action, . . ."), ¶ 41 ("According to the DOJ Action, . . ."). Plaintiff also includes exhibits in the Complaint taken directly from the DOJ Action. Following motion to dismiss briefing, the DOJ Action is currently in active discovery with motions for summary judgment due April 2022 and trial thereafter.

**II.     The UHC Action**

7. Months after the DOJ Action was filed, a second federal lawsuit based on substantively similar allegations of federal AKS violations was brought on December 17, 2020 in this Court and assigned to Judge Briccetti, captioned *Unitedhealthcare Insurance Company and United Healthcare Services, Inc.*, v. *Regeneron Pharmaceuticals, Inc.*, No. 20-cv-10664 (VB). The UHC Action—brought by subsidiaries of a massive health insurance conglomerate that is ranked 5th on the Fortune 100—asserts federal RICO and state law claims that are likewise entirely predicated on Regeneron's alleged violations of the federal AKS through its charitable donations to CDF.

8. After Plaintiffs filed an amended complaint on March 25, 2021, Regeneron brought a motion to dismiss under Rule 12(b)(6) and, in the alternative, to stay the UHC Action pending resolution of the DOJ Action. The motion to dismiss or stay the UHC Action has been fully briefed and is currently pending before Judge Briccetti.

**III.    The Instant Action**

9. On June 29, 2021, Plaintiff Donald A. Ball filed this Action in the State Court, as Index. No. 58819/2021. Relying on the same alleged federal law violations that are at the heart of the DOJ Action and the UHC Action, both currently pending in federal court, the Complaint alleges two counts for breach of fiduciary duty based entirely on Defendants' alleged violation of the federal Anti-Kickback Statute and False Claims Act. Defendants now remove this Action to this Court.

<u>**GROUNDS FOR REMOVAL**</u>

10. This Action is properly removed because the Court has federal question jurisdiction over the Action under 28 U.S.C. § 1441(a), since it necessarily raises a substantial and disputed federal question under 28 U.S.C. § 1331.

I.  **Federal Question Jurisdiction**

    A.  **Standards for Federal Question Jurisdiction**

11. "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district" where the action is pending. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over any civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

12. The Supreme Court has held that federal question jurisdiction under 28 U.S.C. § 1331 applies when "a state law claim [1] necessarily raise[s] a stated federal issue, [2] actually disputed and [3] substantial, [4] which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue, Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Each of these elements is present here.

    B.  **This Action Necessarily Raises a Substantial and Disputed Federal Issue Over Which This Court May Exercise Jurisdiction**

        1.  **This Action Necessarily Raises Federal Issues**

13. This Action necessarily raises a federal issue because it is entirely premised on allegations that Defendants violated the federal Anti-Kickback Statute and the False Claims Act. *See* Compl. ¶¶ 142–144, 194. As a result, adjudicating Plaintiff's claims will *necessarily* require the State Court to interpret and apply these two federal laws.

14. Courts in the Second Circuit have upheld federal question jurisdiction for state law breach of fiduciary duty claims that are entirely premised on violations of federal law. *See, e.g.*, *D'Alessio v. New York Stock Exch., Inc.*, 258 F.3d 93, 101–02 (2d Cir. 2001) ("[A]n examination of the allegations contained in the complaint establishes that [plaintiff's] suit is rooted in violations of federal law, which favors a finding that federal question jurisdiction exists.") (internal quotation marks and citation omitted); *Bracey* v. *Bd. of Educ. of City of*

*Bridgeport*, 368 F.3d 108, 116 (2d Cir. 2004) ("We therefore conclude that the vindication of Bracey's state-law rights as asserted in his well-pleaded section 31–51q cause of action requires that a court construe federal First Amendment law and evaluate its scope. The federal question raised by Bracey's claim is thus substantial. The district court was therefore correct in exercising jurisdiction over the claim.") (internal citations and quotations omitted).

### 2. The Federal Issues Are Disputed

15. The allegations of the Complaint related to the federal AKS violations are central to Plaintiffs' claims, and Defendants vigorously dispute them.

### 3. The Federal Issues Are Substantial

16. A federal question is "substantial" if it implicates "a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313. The substantiality inquiry under *Grable* looks "to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260.

17. The federal question in this case is substantial because it plays a critical dispositive role in the resolution of Plaintiff's state law claims. The claims asserted in the Complaint and Plaintiffs' alleged damages entirely depend on whether Defendants violated the federal Anti-Kickback Statute, notwithstanding guidance by the Office of the Inspector General of the U.S. Department of Health and Human Services that expressly authorizes such donations to charitable copay foundations. The federal question in this case is also substantial because the same issue regarding federal law violation is presented in the DOJ Action, which is in discovery and headed to trial, as well as in the UHC Action, which is currently pending before this Court.

18. There is also a substantial federal interest in regulating the billing practices and reimbursements for federal healthcare programs like Medicare. These programs are subject to extensive federal regulation, including through the Special Advisory Bulletins from the Department of Health and Human Services Office of the Inspector General that are quoted in the

DOJ Action and UHC Action.  *See also* Compl. ¶ 53 ("Entities submitting claims to Medicare are subject to mandatory exclusion from Medicare by HHS-OIG if criminally convicted of an Anti-Kickback Statute violation.").

19. The case of *Prince* v. *Berg,* 2011 WL 9103, at *3 (N.D. Cal. Jan. 3, 2011), illustrates why this Action raises a "substantial" federal issue. As in this Action, the plaintiffs in *Berg* brought a shareholder derivative action against the company's officers and directors related to federal False Claims Act violations for alleged fraudulent billing practices to the federal government. *Id*. The court found that "because the heart of the claims in this action go to the propriety of Oracle's billing practices with respect to the federal government, <u>issues that are of paramount federal concern and therefore the subject of extensive federal regulation and legislation</u>, the questions of federal law are <u>necessarily substantial</u>, and are appropriately resolved in a federal forum." *Id*.

20. Finally, there is a substantial federal question based on the risk of inconsistent judgments between this Action and the pending UHC and DOJ Actions.  Namely, the issue at the heart of this Action—whether Regeneron's donations to CDF violated the federal AKS and federal FCA—will first be decided by the District of Massachusetts federal court, and the same issue is central to the UHC Action pending before this Court.  There is a substantial federal interest in preventing inconsistent judgments that would be created by having the State Court adjudicate the merits of an issue of federal law that is actively being litigated in two pending federal court actions.  *See, e.g.*, *VariBlend Dual Dispensing Sys. LLC* v. *Crystal Int'l (Grp.) Inc.*, 2019 WL 4805771, at *12 (S.D.N.Y. Sept. 30, 2019) (finding "substantial" federal question under *Grable* based on "the potential for conflict between state and federal courts" in deciding the central issue in the case).

### 4. The Federal Forum May Entertain the Action

21. This federal forum may entertain this Action without disturbing any congressionally-approved balance of federal and state judicial responsibilities.

22. Litigation of this Action in a federal forum is consistent with the congressionally approved division of labor between federal and state courts because the underlying violations all relate to federal law. *See New York ex rel. Jacobson* v. *Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 316 (2d Cir. 2016) ("Absent a special state interest in a category of litigation, or an express congressional preference to avoid federal adjudication, federal questions that implicate substantial federal interests will often be appropriately resolved in federal rather than state court."). Indeed, the other two substantively similar lawsuits – the DOJ Action, pending in the District of Massachusetts, and the UHC Action, pending before this Court – will necessarily involve resolving the same federal law claims at the heart of this Action.

23. Federal courts routinely handle shareholder derivative actions—particularly where the claims relate to violations of federal laws—such that removal of this case will not upset any balance of interests between federal and state courts. *See, e.g.*, *D'Alessio* v. *New York Stock Exch., Inc.*, 258 F.3d 93 (2d Cir. 2001); *Bracey* v. *Bd. of Educ. of City of Bridgeport*, 368 F.3d 108 (2d Cir. 2004).

### PROCEDURAL COMPLIANCE

24. All procedural requirements for removal of this Action are satisfied.

25. Removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because this district encompasses the State Court where the Action was filed.

26. Defendants have attached all process, pleadings, and orders served by Plaintiff in the State Court as Exhibit A.

27. Removal is timely under 28 U.S.C. § 1446(b)(1) because this Action was removed before Defendants had accepted service of a copy of the Summons and Complaint.

28. This Notice of Removal is filed on behalf of all Defendants. All defendants consent to the removal of this Action.

29. Promptly after the filing of his Notice of Removal, Defendants will give written notice of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the State Court pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, removal of this Action to this Court is proper and this case is hereby removed to this Court.

Dated: New York, New York
July 19, 2021

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

By: _____
Brad S. Karp
H. Christopher Boehning
Jessica S. Carey
Jonathan H. Hurwitz

1285 Avenue of the Americas
New York, New York 10019-6064
Tel: (212) 373-3000
Fax: (212) 757-3990
bkarp@paulweiss.com
cboehning@paulweiss.com
jcarey@paulweiss.com
jhurwitz@paulweiss.com

*Counsel for Defendants Charles A. Baker, Michael S. Brown, Joseph L. Goldstein, Christine A. Poon, Arthur F. Ryan, Leonard S. Schleifer, George L. Sing, Marc Tessier-Lavigne, P. Roy Vagelos, George D. Yancopoulos, Robert Terifay, Murray Goldberg, Robert E. Landry, Bonnie L. Bassler, N. Anthony Coles, Huda Y. Zoghbi, and Regeneron Pharmaceuticals, Inc.*