USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___8/16/2021___

**MEMO ENDORSED**

MEMORANDUM ENDORSEMENT

<u>Ball v. Baker et al.</u>,

21cv6418 (NSR)

The Court has received (1) Plaintiff's letter requesting a pre motion conference or leave to file a motion to remand (ECF No. 13); (2) Defendants' letter requesting a pre motion conference or leave to file a motion to dismiss (ECF No. 14); (3) Defendants' response to Plaintiff's request to file a motion to remand (ECF No. 15); (4) Plaintiff's motion for leave to file under seal his response to Defendants' request for leave to file a motion to dismiss (ECF No. 16.); (5) Plaintiff's redacted response (ECF No. 17); and (6) Plaintiff's unredacted response (ECF No. 18).

The Court GRANTS Plaintiff's request to file the confidential information in its response to Defendants' pre motion conference letter under seal and orders that ECF No. 18 be sealed. For this reason, ECF No. 18 is not attached to this memorandum endorsement.

The Court waives the pre motion conference requirement and grants the parties leave to simultaneously file their respective motions for remand and to dismiss as follows: moving papers shall be served (not filed) on September 16, 2021; opposition papers shall be served (not filed) on October 18, 2021; and reply papers shall be served on November 2, 2021. Two hard courtesy copies of all motion papers shall be provided to the Court as they are served. All motion papers shall be filed on the reply date, November 2, 2021.

The Clerk of Court is directed to terminate the motions at ECF Nos. 13, 14, 16.

Dated: August 16, 2021
      White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK  •  CALIFORNIA  •  ILLINOIS  •  LOUISIANA  •  DELAWARE

David L. Wales
davidw@blbglaw.com
(212) 554-1409

August 6, 2021

**VIA ECF**

Hon. Nelson S. Román
U.S. District Court for the Southern District of New York
The Hon. Charles L. Brieant, Jr.
Federal Building and U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

          Re:    Request for Pre-Motion Conference
                 *Ball v. Baker, et al.,* No. 7:21-cv-06418-NSR

Dear Judge Román:

      We are counsel for plaintiff Donald A. Ball ("Plaintiff") in the above-referenced shareholder derivative action (the "Derivative Action") brought for the benefit of nominal Defendant Regeneron Pharmaceuticals, Inc. ("Regeneron" or the "Company"), a New York corporation. Pursuant to Your Honor's Individual Rules of Practice in Civil Cases and in compliance with Local Rule 37.2, Plaintiff respectfully requests a pre-motion conference to address the improper removal of the Derivative Action to this Court by Defendants,[1] and Plaintiff's requests for permission to timely file a motion to remand the Derivative Action to the Supreme Court of the State of New York, Westchester County (the "State Court"), and for costs related to the remand motion. As set forth below, this Court lacks jurisdiction to hear this case. We have conferred with counsel for Defendants and as of the filing of this letter they have not agreed to voluntarily remand this Action.

      On June 29, 2021, Plaintiff filed the Derivative Action, captioned *Ball v. Baker, et al.,* Index No. 58819/2021, in the Commercial Division of the State Court, a sophisticated Court which is well-equipped to handle complex disputes such as the Derivative Action. Critically, as Regeneron is a New York corporation, the Derivative Action *exclusively* asserts claims under New

---

[1] The "Defendants" are Charles A. Baker, Bonnie L. Bassler, Michael S. Brown, N. Anthony Coles, Murray Goldberg, Joseph L. Goldstein, Robert E. Landry, Christine A. Poon, Arthur F. Ryan, Leonard S. Schleifer, George L. Sing, Robert Terifay, Marc Tessier-Lavigne, P. Roy Vagelos, George D. Yancopoulos, and Huda Y. Zoghbi (the "Individual Defendants"), and nominal Defendant Regeneron.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Nelson S. Román
August 6, 2021
Page 2 of 3

York law for breach of fiduciary duty on behalf of the Company against the Individual Defendants.[2] Plaintiff's complaint, on its face, does not arise under federal law as no federal law creates any cause of action asserted by Plaintiff, and no disputed, substantial question of federal law is a necessary element of Plaintiff's New York state law claims. Moreover, the Derivative Action is not removable on diversity of citizenship grounds.[3] In short, there is no proper basis for removal of the Derivative Action, and Plaintiff respectfully submits that remand to the State Court is not a close call.

On a motion for remand, the removing defendants bear the burden of demonstrating the propriety of removal. *See Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 933 F. Supp. 2d 613, 618 (S.D.N.Y. 2013). Here, the Defendants' only argument in support of removal is that the Derivative Action is based on substantially similar factual allegations raised in two federal actions against Regeneron for violations of various federal laws: (a) the lawsuit pending in the U.S. District Court for the District of Massachusetts captioned *United States of America v. Regeneron Pharmaceuticals, Inc.,* No. 1:20-cv-11217-FDS (the "DOJ Action");[4] and (b) the lawsuit pending in this Court before the Hon. Vincent L. Briccetti ("Judge Briccetti") captioned *Unitedhealthcare Insurance. Co., et al. v. Regeneron Pharmaceuticals, Inc.,* No. 7:20-cv-10664-VLB (the "UHC Action").[5]

Defendants' removal "theory" is simply not the law. An action filed in a state court may be removed ***only*** if the federal court has original jurisdiction over the action. 28 U.S.C. §1441(a). A federal court has original jurisdiction over cases involving a federal question -- specifically, all civil actions "arising under" the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331. The question as to whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint rule." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S.

---

[2] Plaintiff asserts a claim for breach of fiduciary duty against all of the Individual Defendants pursuant to N.Y. Bus. Corp. Law § 717 and New York common law, and another claim for breach of fiduciary duty for insider selling under New York common law against certain of the Individual Defendants.

[3] Upon information and belief, several Defendants are New York citizens, including Regeneron (which maintains its principal place of business in New York) and at least some of the Individual Defendants. Therefore, under the "no local defendant" rule (also known as the "forum defendant rule"), this Derivative Action was not and is not properly removable based on diversity of citizenship. *See Lincoln Property Co. v. Roche,* 546 U.S. 81, 89-90 (2005); 28 U.S.C. §1441(b).

[4] The DOJ Action, brought by the U.S. Department of Justice (the "DOJ"), raises claims against Regeneron for violation of the federal Anti-Kickback Statute and the False Claims Act.

[5] The UHC Action, brought by affiliates of United Healthcare, arises from similar facts as the DOJ Action and asserts claims against Regeneron for violation of the federal Racketeer Influenced and Corrupt Organizations Act, in addition to state law claims.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Nelson S. Román
August 6, 2021
Page 3 of 3

804, 808 (1986). That is, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, the Derivative Action does not present any substantial federal question, as Plaintiff asserts only New York state law claims. The State Court is fully qualified to and can evaluate the Derivative Action under New York state law standards. *See, e.g., Flynn ex rel Moody's Corp. v. McDaniel,* 689 F. Supp. 2d 686, 691 (S.D.N.Y 2010) (rejecting defendants' argument that derivative plaintiff's exclusive New York state law claims required application of federal laws asserted against corporation in separate federal action and granting remand motion); *Laruffa v. Wells Fargo Bank, N.A.,* 2016 WL 759442, at *2 (C.D. Cal. Feb. 12, 2016) (rejecting defendant's argument that plaintiff's exclusive state law claims depended on violations of federal statutes referred to in plaintiff's complaint, and granting remand motion).

Indeed, if the federal courts were to accept Defendants' overly expansive interpretation of the law, then ***quite literally any case*** that arose from a similar set of facts as a separate action brought by the DOJ (or any other federal government agency) asserting violations of federal law would automatically be entitled to federal subject matter jurisdiction. The federal courts, which "jealously guard" their own limited jurisdiction (*Laruffa,* 2016 WL 759442, at *1(quoting *RDF Media Ltd. v. Fox Broad. Co.,* 372 F. Supp. 2d 556, 560 (C.D. Cal. 2005)), would become flooded with such cases overnight. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (removal jurisdiction of the federal courts is limited and should be "scrupulously confine[d]."); *Noel v. J.P. Morgan Chase Bank N.A.*, 918 F. Supp. 2d 123, 125 (E.D.N.Y. 2013) (same, quoting *Shamrock Oil & Gas Corp.*).

Finally, the Defendants' unsuccessful recent attempt to relate the Derivative Action to the UHC Action pending before this Court underscores that there is no legitimate basis for removal. Specifically, on July 30, 2021, ***Judge Briccetti declined to accept the Derivative Action as related to the UHC Action*** and returned the Derivative Action to the wheel for assignment. This should end any inquiry regarding the propriety of removal.

For the foregoing reasons, Plaintiff respectfully seeks the scheduling of a pre-motion conference and this Court's permission to file a motion for remand. In the alternative, Plaintiffs are prepared to file their remand motion on August 27, 2021, the date it is due under the applicable rules absent a different schedule set by the Court.

Very truly yours,

David L. Wales

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS   NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3061

WRITER'S DIRECT FACSIMILE
(212) 492-0061

WRITER'S DIRECT E-MAIL ADDRESS
cboehning@paulweiss.com

August 10, 2021

BY ECF

Hon. Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

*Ball* v. *Baker et al.*,
7:21-cv-06418-NSR

Dear Judge Román:

    We write on behalf of Defendants—current and former officers and members of the Board of Directors of Regeneron Pharmaceuticals, Inc. ("Regeneron" or the "Company")—in response to the August 6, 2021 request (ECF 13) by Plaintiff for a pre-motion conference in anticipation of Plaintiff's motion to remand this case to the Supreme Court of the State of New York, Westchester County (the "State Court").

    Plaintiff asserts that Defendants' removal of this action was improper because, despite the fact that the action depends entirely on an underlying question of federal law, according to Plaintiff it does not raise a substantial federal question. ECF 13 at 2; Compl. ¶ 194.

    Plaintiff is wrong, and ignores controlling Second Circuit precedent authorizing federal jurisdiction under precisely the circumstances present here.

    In this lawsuit, which Plaintiff purports to bring derivatively on behalf of the Company, Plaintiff alleges that Regeneron engaged in "systemic Medicare fraud" and violated the federal Anti-Kickback Statute ("AKS") and federal False Claims Act ("FCA") when it made donations to an independent charity, CDF, that helped low-income patients satisfy federal Medicare co-payment obligations. *E.g.*, Compl. ¶¶ 3, 47–53, 142–44. Plaintiff claims that Defendants, "by . . . *causing* Regeneron to enter into [an] *illegal* copay reimbursement scheme with CDF, . . . violat[ed] their fiduciary duties" under New York law. Compl. ¶ 194 (emph. added). In other words, contrary to the assertions in Plaintiff's letter, "Plaintiff's complaint, on its face," makes clear that a "disputed, substantial question of federal law is a necessary element of Plaintiff's New York State law claims." ECF 13 at 2. This is because there can be no violation of the duty alleged here absent an underlying "illegal . . . scheme," and whether the "scheme" was "illegal" is without dispute a question of federal statute. Adjudicating Plaintiff's claims will require the factfinder to interpret and apply the federal AKS and FCA.

Where, as here, "[a]n examination of the allegations contained in the complaint establishes that [plaintiff's] suit is rooted in violations of federal law," the Second Circuit has held—consistent with Supreme Court precedent—that "federal question jurisdiction exists." *D'Alessio* v. *New York Stock Exch., Inc.*, 258 F.3d 93, 101–02 (2d Cir. 2001) (quotation marks and citation omitted). In *D'Alessio*, for example, the Second Circuit held that because the "gravamen of [plaintiff's] state law claims" was that defendants "conspired to violate the federal securities laws" and failed to perform a duty created under federal law, "resolution of [plaintiff's] claims requires a court to construe federal securities laws" and evaluate the scope of the entity's duty to enforce compliance with federal laws. *Id.* at 101–02. The Second Circuit underscored that federal question jurisdiction was proper because—as here—the "'central premise'" of the case was that an entity and its officers allegedly "encouraged" others "to violate" federal law (the Exchange Act). *Id.* at 102 (citation omitted). Likewise, in *Bracey* v. *Bd. of Educ. of City of Bridgeport*, the Second Circuit concluded that—as in this case—because "vindication of [a party's] state-law rights . . . requires that a court construe federal First Amendment law and evaluate its scope," the "federal question raised by [the party's] claim" was "substantial," and the district court was "correct in exercising jurisdiction over the claim." 368 F.3d 108, 116 (2d Cir. 2004) (quotation marks and citation omitted).

Plaintiff, in claiming that "Defendants' removal 'theory' is simply not the law," conspicuously neglects this precedent, citing instead an out-of-Circuit case and an inapposite case from the Southern District. ECF 13 at 2.[1] For example, the Southern District case cited by Plaintiff does not—like this case—involve an actual need to construe federal law; there, defendants' attempt to remove was based solely on the contentions that plaintiff's state law case stemmed from the "same theory of 'fraud,'" and relied on the same "purported misstatements and omissions," as federal claims in other pending actions. *Flynn*, 689 F. Supp. 2d at 690. Here, by contrast, the interpretation of federal statutes plays a necessary and dispositive role in resolving Plaintiff's state law claims, which depend entirely on whether Plaintiff can establish an underlying federal violation.[2] If Regeneron's donations did not violate federal law, plaintiff's claim for breach of fiduciary duty evaporates. There is undisputedly "a serious federal interest" in interpretation of federal law, and thus a substantial federal question here. *See generally Grable & Sons Metal Prods., Inc.* v. *Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005); *Gunn* v. *Minton*, 568 U.S. 251, 260 (2013).

---

[1]  ECF 13 at 2 (citing *Laruffa v. Wells Fargo Bank, N.A.,* 2016 WL 759442, at *2 (C.D. Cal. Feb. 12, 2016) and *Flynn ex rel Moody's Corp. v. McDaniel,* 689 F. Supp. 2d 686, 691 (S.D.N.Y 2010)).

[2]  Plaintiff attempts to distract here, arguing that under Defendants' theory, "quite literally any case that arose from a similar set of facts as a separate action brought by the DOJ . . . would automatically be entitled to federal subject matter jurisdiction." ECF 13 at 3. But the basis for Defendants' removal, and this Court's jurisdiction, is not *facts*, but that interpretation of federal laws is a necessary element of Plaintiff's claims.

Moreover, because Defendants' removal is not based merely on whether this case is factually similar to the two pending cases in this District, Judge Briccetti's unexplained decision not to accept this case as related to the case already before him is of no moment—and certainly does not, as Plaintiff claims, "end any inquiry," ECF 13 at 3—particularly given Local Rule 13's stipulation that the relatedness rule "is adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys," and that "nothing in this Rule is intended to preclude parties from moving for consolidated proceedings under Fed. R. Civ. P. 42," which is proper where actions "involve a common question of law or fact." Local Civ. Rule 13; Fed. R. Civ. P. 42. The SDNY's "concepts of relatedness" are "narrow." Committee Note to Local Crim. Rule 1.1 (describing civil rules).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                                                                 3

        Federal question jurisdiction is warranted for two further reasons. *First*, the federal government has a "serious" interest in regulating federal health billing and reimbursement practices, which are at the heart of this Medicare-centered lawsuit. *Grable*, 545 U.S. at 313; *accord* Compl. ¶ 53. For instance, in *Prince* v. *Berg*, plaintiffs brought a derivative action, as here, against officers and directors relating to federal FCA violations, and the court found that "because the heart of the claims in this action go to the propriety of Oracle's billing practices with respect to the federal government, *issues that are of paramount federal concern and therefore the subject of extensive federal regulation and legislation*, the questions of federal law are *necessarily substantial*, and are appropriately resolved in a federal forum." 2011 WL 9103, at *3 (N.D. Cal. Jan. 3, 2011).

        *Second*, federal question jurisdiction is warranted based on the risk of inconsistent judgments between this Action and three other pending federal lawsuits that turn on the same alleged AKS and FCA violations, one brought by the Department of Justice in federal court in Massachusetts (the "DOJ Action") and two brought by insurance conglomerates in this District (the "UHC and Humana Actions").[3] There is a "substantial" federal interest in preventing an inconsistent judgment by a state court of an issue actively being litigated in two federal jurisdictions. *E.g.*, *VariBlend Dual Dispensing Sys. LLC* v. *Crystal Int'l (Grp.) Inc.*, 2019 WL 4805771, at *12 (S.D.N.Y. Sept. 30, 2019) (finding "substantial" federal question under *Grable* based on "the potential for conflict between state and federal courts" in deciding the central issue in the case).

        In sum, Defendants' removal of this action to federal court was entirely proper.

        Respectfully submitted,

        /s/ *H. Christopher Boehning*
        H. Christopher Boehning

---

[3] Plaintiff's allegations are principally lifted from the DOJ Action, filed in June 2020 and currently pending in federal district court in Massachusetts—brought against Regeneron for allegedly violating the AKS and FCA. The UHC and Humana Actions allege RICO and state law violations relating to Regeneron's alleged violation of the federal AKS and FCA in connection with its contributions to CDF.

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS    NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

WRITER'S DIRECT DIAL NUMBER

(212) 373-3061

WRITER'S DIRECT FACSIMILE

(212) 492-0061

WRITER'S DIRECT E-MAIL ADDRESS

cboehning@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

August 10, 2021

BY ECF
Hon. Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

*Ball* v. *Baker et al.*
7:21-cv-06418-NSR

Dear Judge Román:

We write on behalf of Defendants—current and former officers and members of the Board of Directors (the "Board") of Regeneron Pharmaceuticals, Inc. ("Regeneron" or the "Company")—to respectfully request, pursuant to Rule 3(A) of Your Honor's Individual Rules of Practice in Civil Cases, a pre-motion conference in anticipation of Defendants' motion to dismiss the Complaint.[1]

Plaintiff purports to bring this action derivatively, for the benefit of Regeneron, against certain of the Company's current and former officers and directors for alleged breaches of fiduciary duty. These alleged breaches are premised on allegations by the Department of Justice in a related federal action ("DOJ Action"), that certain charitable donations by Regeneron violated federal law. But there has been no such finding in the DOJ Action (or any other action). Defendants intend to move to dismiss the complaint in its entirety for several independent reasons.

**I.      This Case Should Be Dismissed Because Plaintiff Failed To Make a Demand Upon the Board, Which Is a Precondition to Suit.**

First, the complaint should be dismissed because it fails sufficiently to allege demand futility, which is a precondition to filing suit. The business of a corporation—including decisions whether to pursue legal claims—is managed by its board of directors. *E.g.*, N.Y. Bus. Corp. L. § 715. To establish a right to sue derivatively, a shareholder must demonstrate that she or he attempted to "secure the initiation of such an action by the board," or must plead with particularity that demand would be futile. N.Y. Bus. Corp. L. § 626(c); *Goldstein* v. *Bass*, 31 N.Y.S.3d 15, 17 (2016). A plaintiff claiming that demand was futile is subject to a "heightened pleading standard," and the Complaint must be dismissed if that stringent standard is not satisfied. *Bezio* v. *General Electric Company*, 114 N.Y.S.3d 595, 601 (N.Y. Sup. Ct. 2019) (dismissing case); *accord M+J Savitt, Inc.* v. *Savitt*, 2009 WL 691278, at *8 (S.D.N.Y. Mar. 17, 2009).

---

[1] On August 6, 2021, Plaintiff filed a pre-motion conference letter concerning his anticipated motion to remand this action, to which Defendants will respond on before August 11, 2021.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

The Complaint does not plead with particularity any of the three tests of demand futility: that (1) the "majority" of directors were "interested in the challenged transaction" or lack "independence because [the board] is 'controlled' by a self-interested director"; (2) the board "did not fully inform themselves about the challenged transaction to the extent reasonably appropriate under the circumstances"; or (3) "the challenged transaction was so egregious on its face that it could not have been the product of sound business judgment of the directors." *Marx* v. *Akers*, 88 N.Y.2d 189, 200–01 (1996). Plaintiff cannot satisfy any of the *Marx* factors:

- The first factor does not support a showing of demand futility. Plaintiffs allege that the Defendants were "interested" in the decisions at issue. But the only such "interest" alleged is that Defendants, as shareholders, might benefit from an increase in Regeneron's stock price, *see* Compl. ¶ 189. But that would be a benefit "shared in by stockholders," *Marx*, 88 N.Y.2d at 202, and thus does not establish interestedness as a matter of law. *Matter of Comverse Tech., Inc. Deriv. Litig.*, 56 A.D.3d 49, 54 (2008). Nor are there any allegations that Regeneron's outside directors—who constitute a substantial majority of its Board and who are prominent scientists (including Nobel laureates) and independent business people—were in any way controlled by an interested director.
- Nor does the Complaint establish demand futility under the second prong. Plaintiff claims that the Defendant directors were aware of Regeneron's charitable donations, *e.g.*, Compl. ¶ 171, but such donations are not unlawful *per se*. Plaintiff alleges no particularized facts showing that the Board was "presented with red flags warning" that these donations were unlawful, or that they "consciously chose to overlook or ignore them." *Gammel* v. *Immelt*, 2019 WL 2869378, at *4 (N.Y. Sup. 2019). Plaintiff's failure to "plead with the requisite particularity" that Defendants had "significant reason to question or investigate" the matter at issue "and failed to do so" is fatal here. *Wandel ex rel. Bed Bath & Beyond, Inc.* v. *Eisenberg*, 871 N.Y.S.2d 102, 106 (2009); *Goldstein*, 138 A.D.3d at 557 (affirming dismissal).
- As to the third prong, nothing about the challenged decision to make corporate contributions to a charitable fund providing assistance in making copayments is "so egregious on its face that it could not have been the product of sound business judgment of the directors." *Marx*, 88 N.Y.2d at 200–01. Plaintiff alleges that "the Board caused or permitted Regeneron to violate federal regulations and federal laws," and was "presented with detailed information regarding" an allegedly "illegal business strategy" at "Board meetings." Compl. ¶¶ 13, 173. But Plaintiff points to not a single instance of the Board being told that the conduct at issue was illegal or suspect, as opposed to being told merely that it was occurring. *See Levy* v. *Huszagh*, 2012 WL 4512038, at *5 (E.D.N.Y. Sept. 28, 2012); *Goldstein*, 138 A.D.3d at 557. On the contrary, the law expressly permits and even encourages pharmaceutical companies such as Regeneron to make such contributions, and they routinely do so. *E.g.*, 70 Fed. Reg. 70623 (November 22, 2005).

II.     **This Case Should Be Dismissed For Failure To Allege Breach of Fiduciary Duty.**

The complaint should be dismissed for the independent reason that Plaintiff has failed plausibly to allege any breach of fiduciary duty by Defendants. Plaintiff must carry this burden as to each Defendant, and "may not rely," as Plaintiff has tried to do here, on "group pleading to assert a breach of fiduciary duty claim." *Steinberg* v. *Sherman*, 2008 WL 2156726, at *5 (S.D.N.Y. May 8, 2008) (dismissing claims).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

    Plaintiff concedes that his claim that Defendant directors must have been told of "the details" of purportedly unlawful activity rests on "inference," not fact. Compl. ¶ 172. But "speculative and vague allegations" that information was provided to Defendants are "insufficient to establish that . . . [d]efendants were aware of illegal conduct and consciously failed to act." *See In re ITT Corp. Deriv. Litig.*, 653 F. Supp. 2d 453, 461–62 (S.D.N.Y. 2009).

    Count I (for breach of fiduciary duty) should also be dismissed because it is premature. Where, as here, the only damages the Plaintiff is eligible to seek are those the corporation "might be ordered to pay" in a separate, pending lawsuit (here, the DOJ Action, described *infra*), shareholder derivative actions are properly dismissed as not ripe. *In re United Telecommc'ns, Inc., Sec. Litig.*, 1993 WL 100202, at *3 (D. Kan. Mar. 4, 1993); *In re Facebook, Inc., IPO Secs. & Deriv. Litig.*, 922 F. Supp. 2d 445, 474 (S.D.N.Y.2013). That is because damages are speculative and "unrecoverable" where "they are contingent on the outcome" of a lawsuit "in which no judgment has been entered or settlement reached." *Facebook*, 922 F. Supp. 2d at 474.

    Count II (for breach of fiduciary duty for alleged insider selling) should be dismissed because Plaintiff has failed to allege "that each sale by each individual defendant was entered into and completed on the basis of, and because of, adverse, material non-public information." *Rattner* v. *Bidzos*, 2003 WL 22284323, at *11 (Del. Ch. Oct. 7, 2003) (quotation marks omitted). Plaintiff's claim that Defendants executed trades while in possession of "non-public knowledge" is wholly conclusory, and is not accompanied by any allegation that the trades were made "on the basis of, and because of," that information. Compl. ¶ 199.

    All of Plaintiff's claims for monetary damages also should be dismissed because they are barred by Regeneron's Certificate of Incorporation, which provides that "no director or office . . . shall be personally liable to the Corporation or its shareholders for monetary damages for any breach of fiduciary duty in such capacity." Regn. Cert. of Inc., Art. VII. Plaintiff has made no adequate allegation of any conduct barring exculpation here. NY Bus. Corp. L. § 402(b)(1).

**III. This Case Should Be Stayed Pending Resolution of the DOJ Action.**

    In the alternative, Defendants intend to request that this case be stayed pending resolution of an action by the U.S. Department of Justice against Regeneron for civil False Claims Act violations, which is nearing trial in federal court in Massachusetts. *U.S.* v. *Regeneron Pharm., Inc.*, 20-cv-11217-FDS (D. Mass.). This Court has inherent authority to "stay or dismiss a suit that is duplicative of another federal court suit." *Curtis* v. *Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). Because the DOJ Action will resolve the question at the core of this lawsuit—whether there was an underlying violation of law when Regeneron made donations to CDF—staying this action while that issue is resolved in Massachusetts will avoid waste and duplication, and indeed, dispose of this case. Compl. ¶¶ 142–144. Courts routinely stay cases in similar circumstances, and a stay is appropriate here. *E.g.*, *Simms, et al.* v. *Philip Morris, Inc., et al.*, 01-1107 (GK) (D.D.C. July 7, 2003); *Mortland* v. *OhioHealth Corp.*, 2007 WL 9728545, at *2 (S.D. Ohio Feb. 7, 2007).

              Respectfully submitted,

               /s/ *H. Christopher Boehning*
               H. Christopher Boehning

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • ILLINOIS • LOUISIANA • DELAWARE

David L. Wales
davidw@blbglaw.com
(212) 554-1409

August 13, 2021

**VIA ECF**

Hon. Nelson S. Román
U.S. District Court for the Southern District of New York
The Hon. Charles L. Brieant, Jr.
Federal Building and U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

      Re: Request to File Under Seal Response to Defendants' Pre-Motion Conference Request
        *Ball v. Baker, et al.,* No. 7:21-cv-06418-NSR

Dear Judge Román:

  We are counsel for plaintiff Donald A. Ball ("Plaintiff") in the above-referenced shareholder derivative action (the "Action") brought for nominal Defendant Regeneron Pharmaceuticals, Inc. ("Regeneron"). We write to request leave to file a letter under seal. Specifically, Plaintiff seeks to file under seal Plaintiff's accompanying letter dated August 13, 2021, responding to Defendants' August 10, 2021 pre-conference letter that seeks to permission to file, *inter alia*, a motion to dismiss.

  Pursuant to Rule 4.A of Your Honor's Individual Rules of Practice in Civil Cases, Plaintiff must identify the redactions and the reasons for the redactions.

  Prior to commencing this Action, Plaintiff made a demand for books and records on Regeneron. In response, Plaintiff and Regeneron entered into a Confidentiality Agreement stipulating that the documents produced by Regeneron in response to Plaintiff's demand pursuant to New York Business Corp. Law § 624 and New York common law to inspect certain documents of Regeneron (the "Demand") include non-public, confidential, proprietary or commercially sensitive information of the Company. The Complaint includes documents produced pursuant to the Confidentiality Agreement that Regeneron has identified as confidential and commercially sensitive. When the case was removed to this Court, Defendants applied for and were granted permission to file the complaint under seal, with a redacted version publicly filed.

  Defendants' August 10, 2021 pre-conference letter argues that the complaint should be dismissed both for failure to allege demand futility and breach of fiduciary duty. Plaintiff's letter responds to those arguments, and discusses certain factual allegations in the complaint to demonstrate that Defendants' arguments are without merit. Plaintiff provided a copy of Plaintiff's

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Nelson S. Román
August 13, 2021
Page 2 of 2

August 13, 2021 letter to counsel Defendants, who advised us in relevant part as follows, "[t]he last paragraph on page 2 of your letter reflects Confidential Information as defined in our confidentiality agreement. . . . Pursuant to paragraph 13 of that agreement, the highlighted information should be filed under seal/redacted.

In accordance with the confidentiality agreement and Defendants statement that one paragraph of Plaintiff's letter contains confidential information that should be filed under seal, we make this motion.

Courts have repeatedly recognized the importance of protecting confidential business information of Regeneron. *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing defendants' confidential business information). Courts in the Second Circuit recognize the importance of protecting against public disclosure of confidential business information where such disclosure could cause competitive harm, and have permitted parties to protect such information by filing documents under seal or with redactions. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006); *Mark v. Gawker Media LLC*, 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015) (granting request for redactions "[i]n the interest of protecting confidential business information") (citing *Standard Inv. Chartered, Inc. v. FINRA*, 2009 WL 2778447, at *2 (2d Cir. 2009) (upholding district court's finding that the defendant's interest in protecting the confidential business information at issue outweighed the qualified presumption of public access)).

Based on Regeneron's representation that the paragraph in Plaintiff's August 13, 2021 letter they identified contains confidential business information, it is appropriate that Plaintiff be allowed to file Plaintiff's August 13, 2021 letter under seal, with a redacted public version. Defendants support this sealing motion, although for the avoidance of doubt, Defendants do not otherwise support the arguments in Plaintiff's August 13, 2021 letter.

Very truly yours,

s/ *David L. Wales*
David L. Wales

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • ILLINOIS • LOUISIANA • DELAWARE

David L. Wales
davidw@blbglaw.com
(212) 554-1409

August 13, 2021

**VIA ECF**

Hon. Nelson S. Román
U.S. District Court for the Southern District of New York
The Hon. Charles L. Brieant, Jr.
Federal Building and U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

      Re: Response to Defendants' Pre-Motion Conference Request
        *Ball v. Baker, et al.,* No. 7:21-cv-06418-NSR

Dear Judge Román:

  We are counsel for plaintiff Donald A. Ball ("Plaintiff") in the above-referenced shareholder derivative action (the "Action") brought for nominal Defendant Regeneron Pharmaceuticals, Inc. ("Regeneron"). Plaintiff submits this letter pursuant to Rule 3(A) in response to Defendants' pre-motion conference letter dated August 10, 2021. As set forth in our August 6, 2021 pre-motion letter, this Action was improperly removed as there is no basis for removal. Judge Briccetti declined to accept this Action as related to another action pending before him which was Defendants' primary basis for claiming jurisdiction. Plaintiff's motion to remand this Action to the Supreme Court of the State of New York, Westchester County (the "State Court") should be decided first. Once this Court determines whether it has jurisdiction, the parties should then brief the motions to dismiss and stay to the Court that will be handling the Action.

  1. The Court Should Address Its Jurisdiction To Hear This Action First

  A threshold issue for this Court is whether it has jurisdiction to hear this Action. Plaintiff contends this Action was removed improperly. "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991)). Courts have long recognized that the Court's jurisdiction should be decided prior to ruling on merits motions. *See, e.g.*, *Macro v. Indep. Health Ass'n, Inc.,* 180 F. Supp.2d 427, 431 (W.D.N.Y. 2001) ("[W]hen an action is removed from state court, the district court first must determine whether it has subject matter jurisdiction over the claims before considering the merits of a motion to dismiss ...."). As such, Courts routinely exercise their discretion to schedule briefing on and decide motions to remand prior to briefing motions to dismiss. *See, e.g., L.Y.E. Diamonds Ltd. v. Gemological Inst. of Am. Inc.*, 2017 WL 1207839 (S.D.N.Y. March 31, 2017) (Court set remand briefing schedule and deferred setting pre-motion conference for motion to dismiss until remand decided); *Gurney's Inn Resort & Spa Ltd. v. Benjamin*, 743 F. Supp.2d 117, 119 n.2 (E.D.N.Y. 2010) (remand briefing

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

required prior to briefing on defendants' motions, noting "[t]he Court addresses Gurney's motion to remand before addressing Benjamin's proposed motion because the remand motion challenges the Court's jurisdiction to hear this case."). Particularly, where, as here, Defendants' removal is so far off the mark, deferring briefing on motions to dismiss and stay pending a resolution on the motion to remand will promote efficiency and avoid waste.

2. <u>The Complaint Properly Alleges Demand Futility and Breaches of Fiduciary Duty</u>

Plaintiff sufficiently alleges pre-suit demand excusal as to Regeneron's Board of Directors (the "Board"). In the seminal case of *Marx v. Akers,* 88 N.Y.2d 189, 200-201 (1996), the New York Court of Appeals held that pre-suit demand is futile under New York law in three circumstances: (1) where a majority of the corporation's directors are interested in the challenged transactions; (2) where the directors did not fully inform themselves about the challenged transactions to the extent reasonably appropriate under the circumstances; and (3) where the challenged transactions are so egregious on their face that they could not have been the product of sound business judgment. As Defendants are well-aware given their own firsthand experience, if a derivative plaintiff establishes ***any one*** of these three *Marx* prongs, pre-suit demand is excused. *Cement Masons Local 780 Pension Fund v. Schleifer,* 2017 WL 2855101, *5 (Sup. Ct., June 28, 2017) (denying motion to dismiss derivative action in substantial part and holding that pre-suit demand on Regeneron's Board was futile and excused under New York law).

With respect to the first *Marx* prong, eight out of twelve Board members are alleged to have collectively sold over $475 million worth of their personally-held Regeneron stock during the relevant period. These sales were made while in possession of material, adverse, non-public corporate information -- specifically, that Regeneron's blockbuster Eylea sales were based in material part on an illegal scheme, excusing demand. Directors are interested when they receive personal benefits from the transactions at issue which are different from those received by all shareholders. *Rubenstein v. Rubenstein,* 2006 WL 624890, *5 (Sup. Ct. Mar. 13, 2006). A classic example of this is where, as here, directors are alleged to have received direct financial benefits through insider stock sales. *Tsutsui v. Barasch,* 67 A.D.3d 896, 898 (2d Dep't 2009); *Forbush v. Goodale,* 2013 WL 664189 (Sup. Ct. Feb. 4, 2013).

As to the second and third *Marx* prongs, Defendants claim that Plaintiff alleges "no particularized facts" showing the Board's knowledge or conscious disregard of the illegal scheme perpetrated at Regeneron, and that "Plaintiff points to not a single instance of the Board being told that the conduct at issue was illegal or suspect, as opposed to being told merely it was occurring." Plaintiff alleges ***based on evidence*** from Regeneron's own internal, non-public, Board-level corporate documents obtained pursuant to New York Business Corp. Law § 624 that: [REDACTED].

When accepting all allegations as true and drawing all inferences in favor of Plaintiff, there are only two possible scenarios. Either the Board failed to reasonably inform itself of the CDF

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

scheme and acted as nothing more than a rubber-stamp by approving or acquiescing to tens of millions of dollars in illegal, sham "donations" to the CDF or it did so knowingly, in violation of federal law. Either scenario excuses demand under prongs two or three of the *Marx* test. *See, e.g., Forbush*, 2013 WL 664189 ("It may be inferred from the allegations that she either turned a blind eye to Kenneth's numerous self-interested transactions or she went along with them."); *Barr v. Wackman,* 36 N.Y.2d 371, 380-381 (1975) (excusing demand where performance of directors' duties of due care and diligence would have put them on notice of the wrongdoing at issue).

Further, Plaintiff adequately states claims for breach of fiduciary duty pursuant to N.Y. Bus. Corp. Law § 717 and New York common law, as well as a separate claim for breach of fiduciary duty for insider selling under New York common law. Plaintiff alleges that the Individual Defendants caused Regeneron to enter into an illegal copay reimbursement scheme with CDF, and thus acted in bad faith, willfully, and/or recklessly in violating their fiduciary duties. Twelve Individual Defendants took advantage of their knowledge that Eylea sales were largely based on the illegal scheme, selling over $650 million worth of stock from 2012 through 2015. *See, e.g., Tsutsui,* 67 A.D.3d at 898-899 (sustaining claim for breach of fiduciary duty based on allegations of insider sales based on material inside information). Defendants cannot escape Plaintiff's strong breach of fiduciary duty claims at the pleading stage.

3. The Motion For An Indefinite Stay Is Without Basis

Defendants also seek a stay pending the resolution of the Government's civil action against Regeneron. Yet Defendants ignore that the parties are different, that this Action asserts breach of fiduciary duty claims against officers and directors of Regeneron who are not parties to the Government action, and asserts insider trading claims which are not an issue in the Government action. The Government action will not resolve or dispose of this Action. The Defendants' letter incorrectly states that the Government action "is nearing trial", yet no trial date has been set there.

The Supreme Court has set a high standard for staying a case in favor of another proceeding and have expressed a strong hostility to an indefinite stay of the sort sought by Defendants here. A court should stay proceedings in one case in deference to another case "[o]nly in rare circumstances[.]" *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936). The proponent must "make out a clear case of hardship or inequity" in being required to go forward with litigation. *Id*. Nor do Defendants' cited cases support their application. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) involves a stay of a second action filed by the same parties, and even there the Court partially reversed the stay. While Defendants argue that courts routinely grant the stay they seek, the only cases they cite are 14 and 18 years old, one is not reported anywhere, and the other is a *pro se* case involving the same plaintiff filing both a civil and regulatory complaint for the same misconduct against him. In actuality, courts routinely deny the type of stay Defendants seek here for the harm it causes to plaintiffs. *See, e.g., In re Universal Health Servs., Inc. Deriv. Litig.*, 2018 WL 8758704 (E.D. Pa. Dec. 10, 2018).

Very truly yours,

s/ *David L. Wales*
David L. Wales