# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • ILLINOIS • LOUISIANA • DELAWARE

David L. Wales
davidw@blbglaw.com
(212) 554-1409

November 9, 2021

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/09/2021

**VIA ECF**

Hon. Nelson S. Román
U.S. District Court for the Southern District of New York
The Hon. Charles L. Brieant, Jr.
Federal Building and U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

MEMO ENDORSED

      Re:    Request to File Under Seal Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss or Stay
*Ball v. Baker, et al.,* No. 7:21-cv-06418-NSR

Dear Judge Román:

    We are counsel for plaintiff Donald A. Ball ("Plaintiff") in the above-referenced shareholder derivative action (the "Action") brought for nominal Defendant Regeneron Pharmaceuticals, Inc. ("Regeneron"). We write to request leave to file a sealed version of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss or Stay ("Opposition Brief"). Specifically, Plaintiff seeks to file under seal the portions of the Opposition Brief that Defendants identified as confidential and provided proposed redactions.

    Pursuant to Rule 4.A of Your Honor's Individual Rules of Practice in Civil Cases, Plaintiff must identify the redactions and the reasons for the redactions.

    Prior to commencing this Action, Plaintiff made a demand for books and records on Regeneron. In response, Plaintiff and Regeneron entered into a Confidentiality Agreement stipulating that the documents produced by Regeneron in response to Plaintiff's demand pursuant to New York Business Corp. Law § 624 and New York common law to inspect certain documents of Regeneron (the "Demand") include non-public, confidential, proprietary or commercially sensitive information of the Company. The Complaint includes documents produced pursuant to the Confidentiality Agreement that Regeneron has identified as confidential and commercially sensitive. When the case was removed to this Court, Defendants applied for and were granted permission to file the complaint under seal, with a redacted version publicly filed. Additionally, on August 16, 2021, Your Honor approved our request to file Plaintiff's pre- motion letter under seal and simultaneously file the redacted version on the public docket. ECF No. 19.

    Defendants' September 23, 2021 Memorandum of Law in Support of Defendants' Motion to Dismiss or Stay argues that the complaint should be dismissed both for failure to allege demand

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Nelson S. Román
November 9, 2021
Page 2 of 2

futility and breach of fiduciary duty. Plaintiff's Opposition Brief. responds to those arguments, and discusses certain factual allegations in the complaint to demonstrate that Defendants' arguments are without merit. Plaintiff provided a copy of Plaintiff's Opposition Brief. to counsel for Defendants, who advised us in relevant part that the complete brief should be filed under seal and included their redactions for the publicly filed version of the Opposition Brief.

In accordance with the confidentiality agreement and Defendants statement that Plaintiff's opposition contains confidential information that should be filed under seal, we make this motion.

Courts have repeatedly recognized the importance of protecting confidential business information of Regeneron. *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing defendants' confidential business information). Courts in the Second Circuit recognize the importance of protecting against public disclosure of confidential business information where such disclosure could cause competitive harm, and have permitted parties to protect such information by filing documents under seal or with redactions. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006); *Mark v. Gawker Media LLC*, 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015) (granting request for redactions "[i]n the interest of protecting confidential business information") (citing *Standard Inv. Chartered, Inc. v. FINRA*, 2009 WL 2778447, at *2 (2d Cir. 2009) (upholding district court's finding that the defendant's interest in protecting the confidential business information at issue outweighed the qualified presumption of public access)).

Based on Regeneron's representation that portions of the Plaintiff's Opposition Brief. contains confidential business information, it is appropriate that Plaintiff be allowed to file Plaintiff's Opposition Brief. under seal, with a redacted public version. Defendants support this sealing motion, although for the avoidance of doubt, Defendants do not otherwise support the arguments in Plaintiff's Opposition Brief.

Very truly yours,

s/ *David L. Wales*
David L. Wales

Cc: All Counsel of Record (via ECF)

The Court GRANTS Pl. leave to file his opposition brief under seal, and to file on the public docket a version of that brief with the appropriate redactions.
The Clerk of the Court is kindly directed to terminate the motion in ECF No. 34.

SO ORDERED:

Dated: November 9, 2021
White Plains, NY

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE